UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DIALLO RAFIK ASAR MADISON, 94-A-7376,

          Plaintiff,

     v.

DR. J. ALVES AND NURSE K. DYAL,

          Defendants.

_____

DECISION & ORDER

05-CV-6018CJS

On January 3, 2002, in the Southern District of New York, plaintiff filed suit *pro se* in the above captioned matter pursuant to 42 U.S.C. § 1983. (Docket # 2). This suit was transferred to the Western District of New York on January 19, 2005. (Docket # 45). Thereafter, on February 24, 2005, plaintiff moved for appointment of counsel (Docket # 48), which was denied by order dated March 28, 2005. (Docket # 53). Currently before this Court is plaintiff's motion for reconsideration of the March 28, 2005 order. In his motion, plaintiff again requests the appointment of counsel. (Docket # 54). Because each of plaintiff's motions ultimately seeks the appointment of counsel and due to the more stringent requirements of a motion for reconsideration, this Court will consider anew the merits of plaintiff's request for counsel.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1.  Whether the indigent's claims seem likely to be of substance;

2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.  Whether the legal issues involved are complex; and

5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 174 (2d Cir. 1989), and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law, and I find that the appointment of counsel is not necessary at this time.  In support of his motion, plaintiff advances two grounds upon which he believes appointment of counsel is necessary.  First, plaintiff claims that because his pleading has survived a motion for summary judgment, it is therefore more likely to be of substance.  Second, plaintiff alleges that his post traumatic stress disorder constitutes a special condition that requires appointment of counsel.

2

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, it does not appear that counsel will provide substantial assistance in developing petitioner's argument at this time.  Indeed, the legal issues in this case do not appear to be complex, and plaintiff has failed to demonstrate that his alleged mental health condition has interfered, or would interfere, with his ability to understand those issues or to effectively express his arguments.  Moreover, plaintiff has not offered any evidence to suggest that appointment of counsel would be more likely to lead to a just determination in this matter.  Finally, the mere fact that a claim survives a motion to dismiss is insufficient to demonstrate the appropriateness of appointment of counsel.  *Cooper*, 877 F.2d at 172 (citing *Jenkins v. Chemical Bank*, 721 F.2d 876, 880 (2d Cir. 1983) ("We do not believe an attorney need be appointed in every case which survives a motion to dismiss")).  Thus, plaintiff's motion for appointment of counsel **(Docket # 54)** is **DENIED** without prejudice at this time.  It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

　　　　　*s/Marian W. Payson*　　　　　　
　　　　　　　MARIAN W. PAYSON
　　　　　United States Magistrate Judge

Dated: Rochester, New York
　　　　September   1   , 2005.