UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DIALLO RAFIK A. MADISON,

                Plaintiff,

          v.

DR. J. ALVES AND NURSE K. DYAL,

                Defendants.

_____

REPORT & RECOMMENDATION

05-CV-6018CJS

       By Order dated March 28, 2005, this matter was referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 52).

       Plaintiff Diallo Rafik A. Madison filed a *pro se* Complaint in this matter on December 27, 2002 (Docket # 1), which was thereafter amended on March 7, 2003 (Docket # 6). In his Amended Complaint, Madison alleges that on October 16, 2001, while incarcerated at Fishkill Correctional Facility, "he slipped and fell while exiting the in-cell shower."  (Docket # 6 at ¶ 3).  According to Madison, he "fell because the floor towels used for the in-cell shower were continuously denied."  (Docket # 6 at ¶ 4).  He further alleges that as a result of the slip and fall, he injured his right elbow, which caused him severe pain.  (Docket # 6 at ¶ 5).  Madison was then transferred to various other correctional facilities, eventually arriving at Southport Correctional Facility on June 17, 2002, where he was treated by defendants Dr. J. Alves and Nurse K. Dyal, who he claims were deliberately indifferent to his medical needs.  (Docket # 6 at ¶¶ 19-59).

Thereafter, Madison was again transferred and treated at the Great Meadow Correctional Facility. (Docket # 6 at ¶¶ 60-62).  While he was at Great Meadow, Ted Nesmith, a physician's assistant, allegedly performed surgery on Madison's elbow in February 2003.  (Docket # 66 at ¶ 63).  Sometime after the procedure, Madison was transferred to the Woodbourne Correctional Facility, where he is currently incarcerated.

Madison initially brought suit against numerous defendants pursuant to 42 U.S.C. § 1983 in the Southern District of New York, alleging various violations of his constitutional rights.  By Order dated December 30, 2004, the Hon. Robert W. Sweet, United States District Judge, dismissed each of Madison's claims except the medical deliberate indifference claims against Dr. Alves and Nurse Dyal.  The Court also transferred the matter to the Western District of New York, the district in which the remaining defendants reside.  *See Madison v. Mazzuca*, 2004 WL 3037730 (S.D.N.Y. 2004).

Currently before the Court for report and recommendation are three motions by Madison to amend his Complaint.  (Docket ## 58, 61, 65).  Madison filed the initial motion on May 10, 2005, seeking to add Nesmith as a defendant, claiming that Nesmith performed an illegal, unsupervised surgery.  (Docket # 58).  Less than two weeks later, Madison filed a second motion to amend, seeking to add two additional defendants:  Dr. Silverberg, Mr. Nesmith's supervising doctor, and George S. Duncan, superintendent of the Great Meadow Correctional Facility.  (Docket # 61).  Finally, on June 1, 2005, Madison filed a third motion to amend. (Docket # 65).  This motion appears to combine the previous two motions and also includes a proposed amended complaint, which Madison had failed to submit with his two previous motions.  (Docket # 66).

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Notwithstanding the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy*, 212

F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.

Supp. 2d 657, 666 (S.D.N.Y. 2001)).  Thus, the court "must view the claim in the light most

favorable to the moving party and determine whether there is a colorable claim for relief."

*Santiago v. Steinhart*, 1993 WL 410402, *2 (S.D.N.Y. 1993).

       In addition, in considering whether to permit the inclusion of an additional party,

Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons . . . may be joined in one action as defendants if there
> is asserted against them jointly, severally, or in the alternative, any
> right to relief in respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences and if any
> question of law or fact common to all defendants will arise in the
> action.

Fed. R. Civ. P. 20(a).  Courts have interpreted the requirements of Rule 20(a) liberally so as to

promote judicial economy and to allow related claims to be tried within a single proceeding.  *See*,

*e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970) (Rule 20

"specifically vests in the district court the discretionary power to make such orders as may be

required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg,*

*Inc.*, 2003 WL 21361724 at *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be

interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9

(N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or

occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y.

1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

       In this matter, despite the liberal standard imposed, Madison has not demonstrated

that the proposed defendants he seeks to add were involved in the same transaction or occurrence

as the defendants already named in the pending Complaint.  Indeed, although the two claims may

appear causally linked, they are actually legally and factually distinct.  In his claim against Dr.

Alves and Nurse Dyal, Madison alleges that they deliberately failed to provide him with

appropriate medical care while he was incarcerated at the Southport Correctional Facility in an

effort to avoid the costs associated with such treatment.  (Docket # 6).  That claim will obviously

involve an analysis of the level of care and attention Madison received while at the Southport

Correctional Facility.  Madison now seeks to add claims arising out of a subsequent surgery

performed on his elbow while he was incarcerated at Great Meadow Correctional Facility.

Madison's proposed claims involve physician's assistant Nesmith, who performed the surgery,

Nesmith's supervising doctor, Dr. Silverberg, and George Duncan, the superintendent of that

facility.  (Docket ## 65, 66).  Although the surgery performed by Nesmith was conducted on the

elbow that Madison injured during his shower fall, that appears to be the only link between the

two claims.[1]  There are no questions of fact or law common to the different groups of defendants.

In addition, Madison's motion to amend must also be denied for the independent

reason that the proposed amended claims are futile because venue is not proper in this district.  In

cases involving questions of federal law, venue lies in:

> (1) a judicial district where any defendant resides, if all defendants
> reside in the same state,
>
> (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred or a substantial part of
> property that is the subject of the action is situated, or

---

[1] Madison's assertion in the proposed Second Amended Complaint that the defendants at Great Meadow were acting to further the wishes of defendant Alves, a physician employed by a different facility approximately 250 miles away (Docket # 66 at ¶¶ 58, 66, 71) is simply too conclusory and unsupported by any factual allegations to justify inclusion of the otherwise unrelated claim.

(3) a judicial district in which any defendant may be found, if there
is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see also Amaker v. Haponik*, 198 F.R.D. 386, 391 (S.D.N.Y. 2000).

Moreover, venue must be proper for each claim sought to be asserted by a plaintiff. *Amaker v.*

*Haponik*, 198 F.R.D. at 391; *Reynolds Corp. v. National Operator Servs., Inc.*, 73 F. Supp. 2d

299, 305 (W.D.N.Y. 1999) ("[w]here plaintiff asserts multiple causes of action, venue must be

established as to each claim").  Defendants sued in their official capacity pursuant to 42 U.S.C.

§ 1983 are considered to "reside" in the district in which they perform their official duties.

*Amaker*, 198 F.R.D. at 391.  In cases in which venue is improperly asserted, the district court in

which the claim is filed may dismiss the case or "if it be in the interests of justice," transfer the

case to the appropriate district.  28 U.S.C. § 1406(a).

In the case at bar, the proposed additional defendants, Nesmith, Silverberg and

Duncan, are all employed by the Great Meadow Correctional Facility, located in the Northern

District of New York, which is also the location of the alleged events giving rise to Madison's

proposed amended claims.  Madison is currently incarcerated in the Woodbourne Correctional

Facility, located in the Southern District of New York.  Accordingly, because none of the

proposed additional defendants reside and none of the events at issue occurred in the Western

District of New York, the proposed amendments are futile due to the absence of venue in this

district, and I thus recommend that Madison's motions to amend be denied.  *See Amaker*, 198

F.R.D. at 391 (denying motion to amend on grounds that proposed claims were futile for lack of

venue); *see also PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 765 (S.D.N.Y. 1995) (noting

likely futility of new claim in district where venue is dubious).

Rather than dismiss Madison's Great Meadow claims, however, I believe that the more appropriate course would be to transfer the proposed claims to the Northern District of New York. *See McGuire v. Singer Co.*, 441 F. Supp. 210, 214 (D. V.I. 1977) (severing two of plaintiff's claims and transferring such claims to another district). Otherwise, due to the possible untimeliness of those claims, Madison may be precluded from litigating his claims even though they were timely when he filed the instant motion.

The statute of limitations for Section 1983 actions is the same as that governing personal injury actions in the forum state, *see Owens v. Okure*, 488 U.S. 235, 236 (1989), which in New York is three years. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Here, the surgery that is at the heart of his claims against the Great Meadow defendants allegedly occurred on February 12, 2003, over three years ago. Thus, although Madison filed the pending motions to amend within the limitations period, if his claims were simply dismissed, any attempt to refile them in the Northern District of New York would likely be time-barred.

As stated above, 28 U.S.C. § 1406(a) permits the Court either to dismiss a claim for lack of venue or, if it is in the interests of justice, to transfer the claim to the district in which venue is proper. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992) (court has broad discretion under 28 U.S.C. § 1406 to transfer venue "upon notions of convenience and fairness on a case-by-case basis"); *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[p]laintiffs who were diligent in initiating suit should not forfeit their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known"), *see also Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 80 n.11 (2d Cir. 1978) ("[n]umerous cases hold that when dismissal of an action for improper venue would terminate rights without a

7

hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the case be transferred") (quoting *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965)); *Davis v. Krauss*, 478 F. Supp. 823, 825 (E.D.N.Y. 1979) ("the filing of the complaint even in a court where venue is improper tolls the statute of limitations, and the action is timely when subsequently transferred to a court of proper venue pursuant to 28 U.S.C. § 1406(a)") (citations omitted).  Although this Court finds Madison's proposed claims to be unrelated to those in the pending complaint, Madison was not unreasonable in his belief that the claims could be litigated together.  Indeed, had venue for the proposed claims been proper in this district, those claims might have been consolidated either for discovery or for trial.  Thus, it is the recommendation of this Court that Madison's proposed Eighth Amendment claims against defendants Ted Nesmith, Dr. Silverberg and George S. Duncan be transferred to the Northern District of New York.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that Madison's motions to amend his Complaint **(Docket ## 58, 61, 65)** be **DENIED** and that his proposed amended claims be transferred to the Northern District of New York.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      March __27__, 2006.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

 *s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
        March   27  , 2006.

9