UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DIALLO RAFIK A. MADISON, 94-A-7376,

                              Plaintiff,

        -v-

DR. JOHN ALVES, NURSE K. DYAL,

                          Defendants.

_____

                                 DECISION AND ORDER

                                 05-CV-6018 CJS

## INTRODUCTION

In this action, brought to pursuant to 42 U.S.C. § 1983, plaintiff Diallo Rafik Madison ("Plaintiff"), a prison inmate, is suing defendants Dr. John Alves ("Alves") and Nurse K. Dyal ("Dyal"), who are members of the medical staff at Southport Correctional Facility ("Southport"), for allegedly violating his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. The matter is now before the Court on plaintiff's objections to a portion of the Report and Recommendation [#79] of the Honorable Marian W. Payson, United States Magistrate Judge, as well as plaintiff's motion [#78] for a change of venue. For the reasons that follow, the applications are denied.

## BACKGROUND

Plaintiff alleges that he injured his elbow when he slipped and fell in the shower at Fishkill Correctional Facility ("Fishkill") in 2001. Fishkill is located in the Southern District of New York. Plaintiff was subsequently transferred to Southport, located in the Western District of New York, where he claims that, in 2002, defendants Alves and Dyal failed to provide proper medical care for his elbow, in violation of his Eighth Amendment rights.

1

Plaintiff originally commenced this action in the Southern District of New York, asserting a variety of claims, including those against Alves and Dyal. However, the Honorable Robert W. Sweet, United States District Judge, dismissed all of plaintiff's claims except those against Alves and Dyal, and transferred the case to the Western District of New York. Plaintiff then sought leave in this Court to amend his complaint to add claims against three defendants employed at Great Meadow Correctional Facility ("Great Meadow"): Ted Nesmith ("Nesmith"), a physician's assistant at Great Meadow, Dr. Silverberg ("Silverberg"), Nesmith's supervisor, and George Duncan ("Duncan"), the Superintendent of Great Meadow. In that regard, plaintiff alleges that in 2003, these proposed defendants also were deliberately indifferent to his elbow injury. Great Meadow is located in the Northern District of New York.

The undersigned referred this case to Magistrate Judge Payson for the handling of all non-dispositive pre-trial matters. Magistrate Judge Payson issued a Report and Recommendation [#79] on March 27, 2006, denying plaintiff's motion to amend the complaint to add Nesmith, Silverberg, and Duncan. Magistrate Judge Payson determined that the joinder of the claims against Nesmith, Silverberg, and Duncan with those against Alves and Dyal would be improper under Federal Rule of Civil Procedure 20(a), since the two sets of claims did not arise out of the same transaction or occurrence, and since the Western District was not a proper venue for the claims arising at Great Meadow. Rather than dismissing the proposed claims outright, though, Magistrate Judge Payson recommended that the claims against Nesmith, Silverberg, and Duncan be transferred to the Northern District of New York, pursuant to 28 U.S.C. § 1406(a).

Plaintiff then filed the subject Objections [#82], objecting to the portion of the Report

2

and Recommendation which recommended that the claims against Nesmith, Silverberg, and Duncan be transferred to the Northern District of New York. Instead, plaintiff, who is now housed at Woodbourne Correctional Facility ("Woodbourne") in the Southern District of New York, wants those claims transferred to the Southern District, purportedly because "a substantial part of the events or omissions giving rise to the claim", namely, his injury, occurred there.

In a separate motion, plaintiff also moves to have the entire case transferred to the Southern District of New York. In that regard, he states, in relevant part, that he expects to be paroled soon to the Southern District, and that it would be inconvenient for him to litigate this lawsuit in the Western District.

ANALYSIS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 636(b)(1)(A), this Court may review non-dispositive matters previously decided by a magistrate judge and set them aside if they are clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2002). A finding is clearly erroneous if, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A motion for change of venue is a non-dispositive motion. *See, Pemrick v. Stracher*, No. 90-CV-849, 1992 WL 697636 at *1 (N.D.N.Y. Mar. 27, 1992) ("The defendant's motion for change of venue is clearly a non-dispositive matter".); *see also, Cagle v. Cooper Companies, Inc.*, No. 91 CIV. 7828 (HB), 94 CIV. 4350 (HB), 92 CIV. 1650 (HB), 91 CIV. 6996 (HB), 93 CIV. 8970 (HB), 1996

3

WL 514864 at *1 (S.D.N.Y. Sep. 10, 1996) ("A motion to transfer venue is a non-dispositive motion.").

Venue in this matter is governed by 28 U.S.C. § 1391(b), which states, in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, plaintiff contends that "a substantial part of the events or omissions giving rise" to his claims against Nesmith, Silverberg, and Duncan occurred in the Southern District.  The Court disagrees.  However, even if it could be said that plaintiff's injury at Fishkill constitutes a substantial part of the events giving rise to his claims, within the meaning of 28 U.S.C. § 1391, Magistrate Judge Payson's decision to transfer venue to the Northern District pursuant to 28 U.S.C. § 1406 was nonetheless appropriate.  Plaintiff's claims against Nesmith, Silverberg, and Duncan arise from events that occurred at Great Meadow, and the fact that he happened to be injured originally at Fishkill is purely incidental to whether these defendants provided him with appropriate medical care two years after the injury.  Moreover, the Northern District is where Nesmith, Silverberg, and Duncan all reside for purposes of 42 U.S.C. § 1983.  Accordingly, Magistrate Judge Payson's decision to transfer the claims against Nesmith, Silverberg, and Duncan to the Northern District of New York was not clearly erroneous or contrary to law.

Lastly, plaintiff moves [#78] to transfer venue of this case, including the claims

against Alves and Dyal, to the Southern District.  Plaintiff has not demonstrated that such

a transfer would be appropriate, since, at most, he claims that transferring the case to the

Southern District would be more convenient for him personally.  However, the Court finds

that, for the convenience of the parties and witnesses generally, and in the interests of

justice, venue in the Western District is most appropriate.

CONCLUSION

Plaintiff's Objections [#82] and his motion to change venue [#78] are denied.

Magistrate Judge Paysons's Report and Recommendation [#79] is affirmed and adopted

in its entirety.  Plaintiff's proposed Eighth Amendment claims against Nesmith, Silverberg,

and Duncan are transferred to the United States District Court for the Northern District of

New York.  The parties are directed to contact Magistrate Judge Payson within ten days

of entry of this Decision and Order to request a new Scheduling Order.

So Ordered.

Dated:       Rochester, New York
             July 19, 2006

                         ENTER:


                         /s/ Charles J. Siragusa
                         CHARLES J. SIRAGUSA
                         United States District Judge