UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DIALLO RAFIK A. MADISON, 94-A-7376,

                                                  Plaintiff,

-v-

DR. JOHN ALVES, NURSE K. DYAL,

                                                  Defendants.

DECISION AND ORDER

05-CV-6018 CJS
_____

      This is an action brought to pursuant to 42 U.S.C. § 1983, in which plaintiff Diallo Rafik Madison ("Plaintiff"), a prison inmate, is suing defendants Dr. John Alves ("Alves") and Nurse K. Dyal ("Dyal"), who are members of the medical staff at Southport Correctional Facility ("Southport"), for allegedly violating his constitutional rights by acting with deliberate indifference to his serious medical needs and by retaliating against him. Now before the Court is Plaintiff's Motion for Reconsideration [#107] of the Court's Decision and Order [#106] issued on May 29, 2009. Also before the Court are Plaintiff's notice of interlocutory appeal [#108] and his motion to stay that appeal [#109]. For the reasons that follow, the application for reconsideration is denied, the motion for a stay [#109] is granted, and the interlocutory appeal [#108] is withdrawn.

## BACKGROUND

      On December 2, 2008, the Court denied Defendants' motion for summary judgment, and the case consequently became trial-ready.

      On May 28, 2009, Plaintiff filed applications (Docket Nos. [#103, 104, 105]) seeking

1

three types of relief: 1) a settlement conference; 2) appointment of counsel; and 3) an order permitting him to take the written deposition of Thomas Murphy ("Murphy"), an inmate witness. On May 29, 2009, the Court issued a Decision and Order [#106] denying those applications. The Court denied the application for appointment of counsel, stating that such an appointment was "not warranted, for the reasons stated in the Court's earlier decisions. *See*, Decision and Order (Docket No. #76)." The Court denied Plaintiff's request to depose Murphy by written questions, because he had passed up an offer to provide Defendants' counsel with questions to be asked at counsel's oral deposition of Murphy.

On June 15, 2009, Plaintiff filed a motion for reconsideration [#107].[1] Plaintiff contends that the Court should reconsider its decision denying him appointment of counsel, because the circumstances of the case have changed since the Court initially denied a prior motion for appointment of counsel early in the case. (Docket No. [#76]). Plaintiff further maintains that the case is complex, because it involves medical issues, and because it will require cross examination of Defendants. Plaintiff also claims that if he is forced to proceed *pro se*, he will be prejudiced by his inability to interview a potential witness, Keneth Pipersberg ("Pipersberg").

Plaintiff also asks the Court to reconsider its decision denying his request to depose Murphy by written questions. Plaintiff states that he should allowed to conduct such discovery, since Murphy is possibly his only witness. Plaintiff also states that he wants to

---

[1] On June 19, 2009, Plaintiff filed a Notice of Interlocutory Appeal [#108], indicating that he was appealing the Court's Decision and Order [#106] to the Second Circuit Court of Appeals. On July 31, 2009, Plaintiff filed a document [#109], withdrawing the interlocutory appeal.

2

depose Murphy, to make sure that Defendants' counsel did not "invade Murphy's rights." Plaintiff does not indicate any particular questions that he wants to ask Murphy.

Additionally, on June 19, 2009, Plaintiff filed a "Notice of Interlocutory Appeal" [#108] to the United States Court of Appeals for the Second Circuit, to appeal the Court's Decision and Order [#106]. However, on July 31, 2009, Plaintiff filed a document entitled "Notice of Motion to Stay of Notice of Appeal" [sic], seeking a stay of his appeal "because the relief sought is not practicable." The Court interprets this submission as essentially withdrawing the appeal until after final judgment is rendered in this case.

## DISCUSSION

The Court construes the subject motion for reconsideration as being made pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), which provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FRCP 60(b). Applying this legal standard, the Court finds that reconsideration is not warranted.

First, with regard to the motion for appointment of counsel, the Court has considered the facts of this case in light of the relevant factors, *see, Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), and finds that appointment is not necessary here. For example, even assuming *arguendo* that

3

Plaintiff's claims are likely to be of substance, the Court believes that the case is not complex, and that Plaintiff has the demonstrated ability to represent himself at trial. Additionally, with regard to interviewing Pipersberg, Plaintiff apparently already had such an opportunity, since he submitted an affidavit from Pipersberg in opposition to Defendants' summary judgment motion. (*See*, Affidavit in Opposition [#94], Exhibit VIII, Affidavit of Kenneth Pipersberg dated August 26, 2002).

Second, as for deposing Murphy, Plaintiff passed up the opportunity to submit questions for Murphy at the oral deposition. Moreover, Plaintiff apparently already had an opportunity to interview Murphy, since he submitted an affidavit from Murphy in opposition to Defendants' Summary Judgment motion. (*See*, Affidavit in Opposition [#94], Exhibit VIII, Affidavit of Thomas Murphy dated August 26, 2002). Additionally, Plaintiff has been provided with Murphy's oral deposition transcript, and he will have the opportunity to subpoena Murphy to testify at trial.

## CONCLUSION

The Motion for Reconsideration [#107] is denied. Additionally, Plaintiff's motion to stay his appeal [#109] is granted to the extent that the interlocutory appeal [#108] is withdrawn without prejudice.

So Ordered.

Dated: Rochester, New York
October 23, 2009

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge