UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIALLO RAFIK A. MADISON, 94-A-7376,

                          Plaintiff,

-v-

DR. JOHN ALVES, NURSE K. DYAL,

                        Defendants.

DECISION AND ORDER

05-CV-6018 CJS

---

## INTRODUCTION

In this action, brought to pursuant to 42 U.S.C. § 1983, Diallo Rafik Madison ("Plaintiff"), a prison inmate, is suing defendants Dr. John Alves ("Alves") and Nurse K. Dyal ("Dyal"), who are members of the medical staff at Southport Correctional Facility ("Southport"), for allegedly violating his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. Trial in this action is scheduled to being on June 7, 2010. Now before the Court are Plaintiff's requests to transfer venue and for permission to depose a witness. For the reasons that follow, the applications are denied.

## BACKGROUND

Plaintiff alleges that he injured his elbow when he slipped and fell in the shower at Fishkill Correctional Facility ("Fishkill") in 2001. Plaintiff was subsequently transferred to Southport Correctional Facility ("Southport"), located in the Western District of New York, where he claims that, in 2002, defendants Alves and Dyal failed to provide proper medical care for his elbow, in violation of his Eighth Amendment rights. Plaintiff originally commenced this action in the Southern District of New York, asserting a variety of claims against various defendants including Alves and Dyal. The defendants moved to dismiss the complaint, and in the alternative, to transfer venue. The Honorable Robert W. Sweet, United States District

1

Judge, dismissed all of plaintiff's claims except those against Alves and Dyal, and transferred the case to the Western District of New York. (Decision and Order [#45-2] at pp. 34-35).

On March 3, 2006, Plaintiff moved to transfer venue to the Southern District of New York. (Docket No. [#78]). In support of that application, Plaintiff indicated, *inter alia*, that he was "a resident of New York City," that he was "up for parole in the near future." The Court denied the application. (Decision and Order [#84] at 4) ("[T]he Court finds that, for the convenience of the parties and the witnesses generally, and the interests of justice, venue in the Western District is most appropriate.").

On October 19, 2009, the Court issued a Pretrial Order, scheduling the trial in this matter for June 7, 2010, in Rochester. (Pretrial Order [#110]). The parties estimate that the trial may last up to two weeks. On or about February 15, 2010, Plaintiff informed the Court that he had been paroled, and that he was residing in his pre-incarceration residence in Brooklyn, which is in the Eastern District of New York. Plaintiff also renewed his motion to transfer venue, pursuant to 28 U.S.C. § 1404(a). In that regard, Plaintiff explains that even though he resides in the Eastern District, venue would be convenient in the Southern District, because "New York City is a convenient location due to the mass transit of New York City." Additionally, Plaintiff states that Defendants would not be prejudiced by a transfer of venue, since the New York State Attorney General has an office in the Southern District. Additionally, Plaintiff alleges that he is unemployed and does not have funds to travel to Rochester to attend the trial. Plaintiff further states, "most importantly," that he is "under strict parole supervision and not allowed to travel to Rochester." To summarize, Plaintiff contends that venue should be transferred to the Eastern District or the Southern District for three reasons: 1) he resides in Brooklyn; 2) he does not have the funds to travel to Rochester and stay here during the trial; and 3) the terms of his parole require him to stay in the New York

2

City area. Of these, he maintains that the last reason is the "most important."

On March 16, 2010, Plaintiff wrote to the Court and stated that "the New York State Division of Parole has denied my request to attend trial on June 7, 2010 . . . in Rochester, New York." On March 25, 2010, Plaintiff submitted a letter from his parole officer, indicating that Plaintiff did not have permission to travel to Rochester for a two-week trial. In that regard, the parole officer stated: "He is under Parole Supervision in the New York City area. As part of his supervision he is mandated to multiple programs here downstate." With regard to Plaintiff's programs, on April 13, 2010, he stated: "This Court shall take into consideration that I am on parole and assigned to psychiatric and psychologist verbal therapy sessions, aggression and drug treatment programs which bear upon my well-being in society after serving nearly 17 years of imprisonment." (Docket No. [#118]).

ANALYSIS

Plaintiff moves to transfer venue pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

> Accordingly, a motion to transfer pursuant to this section is governed by a two-part test: (1) whether the action to be transferred is one that "might have been brought" in the district to which the movant seeks to have it transferred; and (2) whether the convenience of parties and witnesses and the interests of justice favor transfer. An action "might have been brought" in another forum if the transferee forum would have had personal jurisdiction over the defendants at the time the action was commenced and if venue properly lies there.

*Royal Ins. Co. of America v. Tower Records, Inc.*, No. 02-Civ. 2612(PKL), 2002 WL 31385815 at *2 (S.D.N.Y. Oct. 22, 2002) (citations omitted).

The parties do not dispute that the Southern or Eastern Districts would have personal jurisdiction over Defendants. As for whether venue would be appropriate in either of those districts, 28 U.S.C. § 1391(b) states, in pertinent part:

3

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Significantly, a plaintiff's residence is irrelevant in determining venue under this provision.

In this case, Defendants reside in the Western District of New York. Plaintiff resides in the Eastern District, but as mentioned earlier that fact is irrelevant to the question of venue. Consequently, venue would not be appropriate in the Southern or Eastern Districts on the basis of the Defendants' residences. The instant action does not involve property. Accordingly, venue would only be appropriate in the Southern or Eastern Districts if "a substantial part of the events or omissions giving rise to the claim occurred" there. On this point, it is clear that a substantial part of the events or omissions giving rise to Plaintiff's claim did *not* occur in either of those districts. Admittedly, the initial injury to Plaintiff's elbow occurred at Fishkill, in the Southern District. However, such fact is irrelevant to Plaintiff's claim. Plaintiff's claim is that while he was at Southport, Defendants violated his constitutional rights, by refusing to provide him with medical treatment for his elbow injury, and by retaliating against him. Therefore, venue would not be appropriate in either the Southern District or the Eastern District. Because of this, the Court need not proceed to consider whether the convenience of the parties would warrant a transfer.

Plaintiff indicates that his parole officer would allow him to attend the trial in Rochester if the Court ordered her to do so. However, Plaintiff further states that he does not have a place to stay in Rochester in any event. (Docket No. [#119] ¶¶ 4-5). Additionally, Plaintiff suggests that it would be detrimental to his health and well being to remain in Rochester during the duration fo the trial. (Docket No. [#118], ¶ 7) ("I am on parole and assigned to

4

psychiatric and psychologist verbal therapy sessions, aggression and drug treatment programs which bear upon my well-being in society after serving nearly 17 years of imprisonment."). The Court declines to order Plaintiff's parole officer to allow Plaintiff to attend the trial. The trial will begin on June 7, 2010 at 9:00 A.M. as scheduled. It is Plaintiff's responsibility to resolve the various logistical problems that he has identified. In the event that Plaintiff fails to appear on June 7, 2010 at 9:00 A.M., the Court will dismiss this action with prejudice.

Lastly, Plaintiff asks for permission to depose Thomas Murphy, an inmate in the custody of DOCS, by written questions. (Docket No. [#118], ¶¶ 9-12). Plaintiff maintains that Murphy overheard a conversation between him and defendant Nurse Dyal, in which Dyal essentially told Plaintiff that he could not have pain medication, because Dr. Alves was upset at him. Plaintiff made this same request to depose Murphy on May 28, 2009. (Docket No. [#105]). The Court denied that application, based on its finding that Plaintiff had waived the opportunity to submit written questions. (Decision and Order [#106] at 1-2). Defendant's counsel deposed Murphy and provided the Court and Plaintiff with a copy of the transcript.[1] Additionally, the Court has indicated that Plaintiff may call Murphy to testify at trial. In moving for reconsideration, Plaintiff now indicates that Defendant's counsel violated Murphy's Fifth Amendment rights by deposing him. (Docket No. [#118] at ¶ 9, 11) ("This request is made after Plaintiff received two third-party letters[2] from Mr. Murphy clearly indicating that his Fifth Amendment right to self-incrimination [sic] was violated as a result of a mental disease or defect that Mr. Murphy has suffered since signing the affidavit. . . . Mr. Murphy said that he

---

[1] At the deposition, Murphy indicated that he did not recall the incident, and did not recall providing Plaintiff with an affidavit concerning the incident.

[2] The two letters were purportedly sent to Plaintiff by a "Patrick Nash," and are signed "lone wolf" and "wolf."

5

had been assigned to a mental ward 5 or 6 times since I last seen him and he suffers from a psychotic disorder, thereby Mr. Levine [Defendants' counsel] should have verified this information in order to protect Murphy's legal Constitutional rights."). However, Plaintiff will have an opportunity to explore these issues with Murphy at trial. Plaintiff's renewed request to depose Murphy is denied.

## CONCLUSION

Plaintiff's application [#114] for a transfer of venue is denied. Plaintiff's request to depose Murphy is denied. **Trial in this action will begin on June 7, 2010 at 9:00 A.M. In the event that Plaintiff fails to appear on June 7, 2010 at 9:00 A.M., the Court will dismiss this action with prejudice.**

So Ordered.

Dated: Rochester, New York
June **2**, 2010

ENTER:

*Charles J Siragusa*
CHARLES J. SIRAGUSA
United States District Judge